# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BASIL GOLGA ANDREW,

        Plaintiff,

    v.

JOHN DOE, et al.,

        Defendants.

Case No. 3:24-cv-00257-SLG

## SCREENING ORDER

On November 20, 2024, self-represented litigant Basil Golga Andrew ("Plaintiff") filed a Complaint and a civil cover sheet.[1] On December 2, 2024, the Court received Plaintiff's payment of the full filing fee.[2] Plaintiff claims that three unnamed correctional officers failed to protect him from violence from other prisoners in violation of the Fourteenth Amendment while he was at the Cook Inlet Pre-Trial Facility in the custody of the Alaska Department of Corrections.[3] The Complaint alleges that certain events occurred on January 6th, but does not include a year. Then, on February 7, 2025, Plaintiff wrote a letter to the Court

---

[1] Dockets 1–3.

[2] Filing fee: $405, receipt number 100021739.

[3] At the time of the alleged events, Plaintiff appears to have been a pretrial detainee. Therefore, the Fourteenth Amendment applies. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

explaining that he believes the alleged events happened on January 20, 2020.[4] For relief, Plaintiff seeks $1,000,000 in damages and $3,000,000 in punitive damages.[5]

The Court takes judicial notice that Plaintiff first filed these claims on March 31, 2022, in *Andrew v. Doe, et al.,* Case No. 3:22-cv-00071-SLG-KFR.[6] On September 21, 2022, the Court issued a Screening Order in that case stating that Plaintiff *"may* have claims for a failure to protect and deliberate indifference to serious medical need[,]"[7] but that he had not pleaded sufficient factual matter, accepted as true, to state a plausible claim for relief.[8] The Court provided Plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint.[9] After Plaintiff failed to file an amended complaint, the Court dismissed that case without prejudice on December 16, 2022 for failure to prosecute.[10] In his current Complaint, Plaintiff acknowledges that his previous case

---

[4] Docket 4.

[5] Docket 1 at 8.

[6] A court may take judicial notice of its own files and records. Fed. R. Evid. 201. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024). The Court's online docket records may be accessed by the public online at pacer.uscourts.gov or without a PACER login and password at the Clerk's Office during regular business hours.

[7] *Andrew v. Doe, et al.,* Case No. 3:22-cv-00071-SLG-KFR ("Case 71"); Docket 9 at 2 (emphasis in original).

[8] *See* Fed. R. Civ. P. 8(a)(2).

[9] Case 71, Docket 9 at 13.

[10] Case 71, Dockets 10-12.

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 2 of 19
Case 3:24-cv-00257-SLG   Document 6   Filed 04/01/25   Page 2 of 19

was dismissed in December 2022.[11] But Plaintiff provides no explanation for his failure to file an amended complaint in that case or why he waited until November 2024 to refile his claims. He did, however, state that he has trouble remembering what happened after the incident, he does not remember most of his childhood, and he is slowly relearning math.[12]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, Plaintiff's claims appear to have been time-barred by the statute of limitations sometime in 2022, either before he filed or during the pendency of his previously dismissed federal case.[13] A time-barred claim may be dismissed at the screening stage when the expiration of the applicable statute of limitations "is apparent on the face of the complaint."[14]

---

[11] Docket 1 at 6-7; Docket 4; *see also* Docket 2 (listing Case 71 under related cases).

[12] Docket 4 at 1.

[13] *Cf. Wisenbaker v. Farwell,* 341 F. Supp. 2d 1160, 1165 (D. Nev. 2004) (explaining that the statute of limitations expired during the pendency of the dismissed judicial action, "so that, without tolling, he would be barred from presenting the merits of his case. In essence, because of the statute of limitations, the previous court's dismissal without prejudice amounted to a dismissal with prejudice.").

[14] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011); *Belanus v. Clark,* 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 3 of 19
Case 3:24-cv-00257-SLG   Document 6   Filed 04/01/25   Page 3 of 19

However, before dismissing this case due to time-barred claims, Plaintiff will first be given an opportunity to address equitable tolling.[15]

For the reasons discussed in this order, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint that attempts to correct the deficiencies identified in this order. If the amended complaint is dismissed as frivolous, malicious, or for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future civil rights cases under Section 1983 in federal court.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[16] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[15] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting that dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply)).

[16] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 4 of 19
Case 3:24-cv-00257-SLG   Document 6   Filed 04/01/25   Page 4 of 19

> > (iii) seeks monetary relief against a defendant who is immune from such relief.[17]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[18] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[19] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[20] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[21]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[22]

---

[17] 28 U.S.C. § 1915(e)(2)(B).

[18] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[19] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[20] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[21] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[22] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 5 of 19
Case 3:24-cv-00257-SLG   Document 6   Filed 04/01/25   Page 5 of 19

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[23]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[24] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[25] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[26] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]

---

[23] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[24] Fed. R. Civ. P. 8(a)(2).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[26] *Id.* (quoting *Twombly*, 550 U.S. at 570 ). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[27] *Ashcroft*, 556 U.S. at 678.

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 6 of 19
Case 3:24-cv-00257-SLG     Document 6     Filed 04/01/25     Page 6 of 19

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[28] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[29]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[30] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[31] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[32] Section 1983 does not

---

[28] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[29] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[30] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[31] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[32] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 7 of 19
Case 3:24-cv-00257-SLG    Document 6    Filed 04/01/25    Page 7 of 19

confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[33]

### III. Statute of Limitations

A statute of limitations is a law that limits the time a plaintiff has to file a case based on the date when the claim(s) accrued.[34] "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[35] They also "ensure that claims are filed before essential evidence disappears."[36] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[37]

A federal claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[38] A claim ordinarily accrues on date

---

[33] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[34] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("'[A]ccrual occurs when the plaintiff has a complete and present cause of action, ... that is, when the plaintiff can file suit and obtain relief.'").

[35] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[36] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[37] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[38] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 8 of 19
Case 3:24-cv-00257-SLG     Document 6     Filed 04/01/25     Page 8 of 19

of the injury.[39] Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.[40] Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[41] In Alaska, the statute of limitations for personal injury claims is two years.[42]

### A. Equitable Tolling

Alaska law allows equitable tolling if the plaintiff is incompetent by reason of mental illness or mental disability at the time the cause of action accrues.[43] Additionally, Alaska's doctrine of equitable tolling may apply if a plaintiff files a suit first in the wrong court and then refiles in the correct court, such that the statute of limitations will not run while the litigation was pending in the first court.[44] However, the statute of limitations for federal civil rights claims is not tolled during the pendency of a case filed in federal court that is dismissed without prejudice for

---

[39] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[40] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[41] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[42] Alaska Stat. § 09.10.070.

[43] Alaska Stat. § 09.10.140(a).

[44] *Kaiser v. Umialik Ins.,* 108 P.3d 876, 881-82 (Alaska 2005) (explaining that a statute of limitations may be equitably tolled if (1) pursuit of the initial remedy gives the defendant notice of the plaintiff's claim, (2) the defendant's ability to gather evidence is not prejudiced by the delay, and (3) the plaintiff acted reasonably and in good faith).

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 9 of 19
Case 3:24-cv-00257-SLG   Document 6   Filed 04/01/25   Page 9 of 19

failure to prosecute and then the same suit is refiled later in the same court, as is the case here.[45]

## B. Tolling During Exhaustion of Administrative Remedies

Plaintiff is correct that he is "not required to exhaust state remedies before seeking relief in federal court."[46] However, a prisoner must exhaust his administrative remedies through the prison's grievance procedure before he can file a lawsuit in federal court concerning prison conditions.[47] Exhaustion creates a procedural hurdle for prisoners seeking to litigate their claims in federal court, which is intended to allow the prison system to address complaints internally and take corrective action where appropriate.[48] Therefore, "the applicable statute of

---

[45] *Holt v. County of Orange,* 91 F.4th 1013 (2024) (holding that the statute of limitations for Holt's Section 1983 claims was not tolled during the time those claims were pending in the first court case that she had voluntarily dismissed, and her claims were untimely when she refiled). *But see* 28 U.S.C. §1367(d) (providing that the period of limitations for supplemental state law claims is tolled while those claims are pending in federal court). Even if Plaintiff's 2022 Complaint could be read to encompass supplemental state law claims, at most it would toll those claims during the approximately nine months in which any such claims were pending in that case.

[46] Docket 5; *see, e.g., Heck v. Humphrey,* 512 U.S. 477, 480 (1994); *Rumbles v. Hill,* 182 F.3d 1064, 1069 (9th Cir.1999) (stating that, while "Congress certainly intended to require prisoners to exhaust available administrative grievance procedures, there is no indication that it intended prisoners also to exhaust state tort claim procedures"), *overruled on other grounds by Booth v. Churner,* 532 U.S. 731, 741 (2001).

[47] 42 U.S.C. § 1997e.

[48] *Fordley v. Lizarraga,* 18 F.4th 344 (9th Cir. 2021); *see* also *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 10 of 19
Case 3:24-cv-00257-SLG    Document 6    Filed 04/01/25    Page 10 of 19

limitations must be tolled while a prisoner completes the mandatory exhaustion process."[49]

A plaintiff does not generally have to affirmatively plead exhaustion in his complaint.[50] Rather, the failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove.[51] But, in determining whether a state of limitations should be tolled, courts must often consider information outside the pleadings.[52] Here, in order for this case to proceed, Plaintiff must affirmatively plead exhaustion, and specifically include the date when his administrative remedies were fully exhausted.

### IV. Plaintiff's Claims Appear to be Time-Barred by the Applicable Statute of Limitations

When Plaintiff first his first federal court case on March 31, 2022, he alleged that the events giving rise to his claims occurred on January 20, 2021.[53] Therefore, the Court did not flag a potential statute of limitations issue in that case. However, if the alleged events occurred on January 20, 2020, then without tolling, that case would have been time-barred by the statute of limitations since it was filed more than two months (70 days) after the two-year statute of limitations expired on

---

[49] *Soto v. Sweetman,* 882 F.3d 865, 875 (9th Cir. 2018) (quoting *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005)).

[50] *Jones v. Bock,* 549 U.S. 199 (2007).

[51] *Fordley v. Lizarraga,* 18 F.4th 344 (2021); *Jackson v. Fong,* 870 F.3d 928 (2017).

[52] *Wisenbaker v. Farwell,* 341 F. Supp. 2d 1160, 1163 (D. Nev. 2004).

[53] Case 71, Docket 1 at 3.

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 11 of 19
Case 3:24-cv-00257-SLG    Document 6    Filed 04/01/25    Page 11 of 19

January 20, 2022. However, assuming Plaintiff exhausted his administrative remedies, his statute of limitations may have been tolled long enough to allow for him to file that case. In any event, the statute of limitations was not tolled for the 260 days (March 31–December 16, 2022) that the first case was pending, and it is unlikely that exhaustion would have extended the deadline past the closure of that case. Further, there does not appear to be any related state court case that would satisfy the three criteria for equitable tolling under Alaska law,[54] and Plaintiff appears to allege he was not required to, and seemingly did not, first file his claims in state court.[55] Therefore, the statute of limitations either expired on January 20, 2022, or shortly thereafter, depending on how long it took Plaintiff to fully exhaust his administrative remedies.[56]

Although Plaintiff claims he has had memory issues, it is unclear whether he was incompetent by reason of mental illness or mental disability from the time the cause of action accrued in early 2022 until this second case was filed in November

---

[54] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[55] *See* Docket 5. However, the Court notes that the case Plaintiff relies on, *Booth v. State,* 251 P.3d 369 (Alaska App. 2011), involves complaints of excessive force, but does not include anything regarding exhaustion.

[56] *See* State of Alaska, Dep't of Corr., Policies & Procedures 808.03, *available at* https://doc.alaska.gov/pnp/pdf/808.03.pdf (describing procedures for grievance appeals); 22 Alaska Administrative Code 05.185 (2021) ("A prisoner is entitled to appeal the decision [concerning a prisoner grievance] to the regional director on a form and in accordance with procedures approved by the commissioner.").

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 12 of 19
Case 3:24-cv-00257-SLG    Document 6    Filed 04/01/25    Page 12 of 19

2024 as to entitle him to equitable tolling for his period of disability.[57] The "general test" for mental incompetency is "whether a person could know or understand his legal rights sufficiently well to manage his personal affairs."[58] "[T]his test does not measure whether a litigant *did* understand his or her legal rights, but whether he or she is *capable* of understanding them."[59] Plaintiff's reported memory issues are insufficient to show an inability to understand his legal rights, particularly as Plaintiff was able to adequately articulate his claims on March 16, 2022, when he filed his first complaint.[60] And even assuming, *arguendo,* that Plaintiff's disability ceased just before he first filed these claims in March 2022, his claims must still have been brought within two years from whenever his disability ceased.[61] But Plaintiff did not file this case until November 20, 2024—nearly five years after the alleged events occurred on January 20, 2020.

A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations "is apparent on the face of the

---

[57] Alaska Stat. § 09.10.140(a) (tolling the limitations period "if a person entitled to bring an action . . . is at the time the cause of action accrues . . . incompetent by reason of mental illness or mental disability").

[58] *Cikan v. ARCO Alaska, Inc.,* 125 P.3d 335, 340 (Alaska 2005) (quoting *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 23 (Alaska 1980)).

[59] *Richardson v. Municipality of Anchorage,* 360 P.3d 79, 87 (Alaska 2015) (emphasis in original).

[60] *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 22 (Alaska 1980) (when it is undisputed that the limitations period has run, a party asserting incompetency has the burden of proof on that issue).

[61] Alaska Stat. § 09.10.140.

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 13 of 19
Case 3:24-cv-00257-SLG   Document 6   Filed 04/01/25   Page 13 of 19

complaint."[62] However, before time-barred claims are dismissed, a plaintiff should first be given an opportunity to address equitable tolling.[63] Therefore, Plaintiff is accorded **60 days** to file an amended complaint in which he restates his claims and addresses whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations. The amended complaint must clearly state the following:

- All actions that Plaintiff took to exhaust his administrative remedies with the Department of Corrections, and attach all related grievances and Request for Interview forms and identify the dates of such actions.

- The dates during which Plaintiff was incompetent by reason of mental illness or mental disability at any time from January 20, 2020 to November 20, 2024.

Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

### V. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[64] Any claim not included in the amended complaint will be considered waived. An

---

[62] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011).

[63] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply)).

[64] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 14 of 19
Case 3:24-cv-00257-SLG    Document 6    Filed 04/01/25    Page 14 of 19

amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[65] A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[66] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. A plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage, although Plaintiff may attach relevant documents demonstrating he exhausted his administrative remedies or supporting a claim for mental incapacity.[67]

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and with no paragraph number being repeated anywhere in the complaint.[68] Rule 10(b) of the Federal Rules of Civil

---

[65] Fed. R. Civ. P. 8(a)(2).

[66] *Id.*

[67] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening stage generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[68] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 15 of 19
Case 3:24-cv-00257-SLG    Document 6    Filed 04/01/25    Page 15 of 19

Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

### VI. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[69] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[70] When a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[71] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[72] It cannot be triggered

---

[69] 28 U.S.C. § 1915(g).

[70] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[71] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[72] *Andrews,* 493 F.3d at 1056 (cleaned up).

solely by complaints of past injury or generalized fears of possible future harm.[73] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[74]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

---

[73] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[74] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 17 of 19
Case 3:24-cv-00257-SLG     Document 6     Filed 04/01/25     Page 17 of 19

4. If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a "strike" against Plaintiff. Once a prisoner-plaintiff has three strikes, he may not file any civil rights cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint.

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[75] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[76] The Notice shall not include requests for any other relief.

---

[75] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[76] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 18 of 19
Case 3:24-cv-00257-SLG   Document 6   Filed 04/01/25   Page 18 of 19

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

8. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 1st day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Screening Order
Page 19 of 19
Case 3:24-cv-00257-SLG   Document 6   Filed 04/01/25   Page 19 of 19