# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

BASIL GOLGA ANDREW,

              Plaintiff,

        v.

JOHN DOE, *et al.,*

              Defendants.

Case No. 3:24-cv-00257-SLG

## ORDER OF DISMISSAL

On April 4, 2025, the Court screened the Complaint filed by self-represented litigant Basil Golga Andrew ("Plaintiff") and accorded Plaintiff leave to file an amended complaint addressing whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations.[1] The Screening Order specifically informed Plaintiff that "[t]he amended complaint must clearly state the following:

- All actions that Plaintiff took to exhaust his administrative remedies with the Department of Corrections and attach all related grievances and Request for Interview forms and identify the dates of such actions.

---

[1] Docket 6.

- The dates during which Plaintiff was incompetent by reason of mental illness or mental disability at any time from January 20, 2020 to November 20, 2024."[2]

On April 29, 2025, Plaintiff filed a First Amended Complaint ("FAC") and attached several handwritten pages.[3] The Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Instead of providing the information that the Court directed the FAC to contain, Plaintiff has again submitted general statements regarding his injuries and legal arguments. Plaintiff claims that after the alleged assault, he had a five-inch long cut on the top of his head that required 17 staples and took three weeks to heal.[4] Plaintiff also claims he started having headaches, dizzy spells, forgot how to spell some words, and that to this day, he suffers from psychological trauma, diminished mental capacity, and has brain damage.[5] But the FAC does not indicate the dates during which time Plaintiff is alleging he was incompetent by reason of mental disability. And the FAC states that "as far as [Plaintiff] can remember," he filed a grievance, but the FAC also claims Plaintiff was not informed of the grievance process.[6] No grievance documentation is appended to the FAC.

---

[2] Docket 6 at 14.

[3] Docket 7.

[4] Docket 7 at 3.

[5] Docket 7, at 9

[6] Docket 7 at 10.

Although the Court readily acknowledges that a brain injury can affect a person's ability to function, Plaintiff has not provided sufficient factual detail to establish that his condition rendered him unable to pursue his claims during the relevant period. The Ninth Circuit has held that equitable tolling based on mental incompetence is available only when a plaintiff shows that his mental condition was so severe that it actually prevented a plaintiff from understanding his legal rights or acting upon them.[7] Here, Plaintiff's generalized assertions of injury and references to distinguishable caselaw do not satisfy this standard. He has not provided medical diagnoses, detailed descriptions of his functional limitations, or provided a timeline of events. Moreover, in March 2022, Plaintiff demonstrated that he was not mentally incompetent to litigate this claim when he filed his first action regarding the January 2020 event and clearly articulated the injury that occurred (albeit stating there that it had occurred on January 20, 2021, and not 2020).[8] Plaintiff has not provided any explanation for his failure to file an amended complaint in the previously dismissed case nor explained why he waited until November 2024 to refile his claims. Further, in a letter to the Court dated

---

[7] *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (equitable tolling may apply if mental impairment renders plaintiff unable to protect her rights); *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010) (to obtain tolling, petitioner must show mental impairment was so severe that he was unable to rationally or factually understand the need to timely file or was unable personally to prepare a filing).

[8] *See Andrew v. Doe, et al.,* Case No. 3:22-cv-00071-SLG-KFR ("Case 22-071"), Dockets 10-12.

February 7, 2025, Plaintiff clarified that the injury occurred on January 20, 2020, that his previous case was dismissed in December 2022, and that he was having a hard time finding an attorney to represent him on his claims.[9] Similarly, in his previous case, Plaintiff explained that he was receiving help from a jailhouse lawyer.[10] These actions are inconsistent with a plaintiff whose mental capacity has been so diminished that it prevented him from acting upon his legal rights.

Courts have denied tolling when a plaintiff's actions, such as seeking legal representation and filing lawsuits, demonstrate an ability to manage their affairs or pursue legal claims despite their mental condition.[11] Here, Plaintiff's actions in the prior case demonstrate that Plaintiff was aware of his potential claims and was actively seeking legal assistance in March 2022. Plaintiff reports no other brain injury or other basis for a finding of mental incompetence since the incident in January 2020. Additionally, the Court takes judicial notice[12] that on May 13, 2021[13]

---

[9] Docket 4.

[10] Case 22-017, Docket 3.

[11] *See, e.g., Blake J. v. State,* 554 P.3d 430 (Alaska 2024).

[12] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[13] *State of Alaska vs. Andrew,* Case No. 3DI-20-00230CR, Party Charge Information (Disposition 5/13/2021: Guilty Conviction After Guilty Plea); *see also* Case Nos. 3DI-20-00216CR and 3DI-20-00217CR, Party Charge Information (Disposition 5/13/2021: "Dism. Plea Agreement in Another Case-CrR 43(a)(2).").

and May 11, 2022,[14] Plaintiff pleaded guilty in his state criminal cases, and there is no indication of any competency proceedings in the docket records for any of those cases.[15] For these reasons, Plaintiff's reported memory issues are insufficient to show an inability to understand his legal rights  in order to excuse his untimely filing of this case nearly five years after the alleged events occurred on January 20, 2020.

The two-year statute of limitations for Plaintiff's claims expired on January 20, 2022.[16] Even assuming that Plaintiff's disability ceased just before he first filed these claims, Plaintiff was able to adequately articulate his claims on March 16, 2022.[17] And, as explained in the Screening Order, the statute of limitations was not tolled during the pendency of his previous federal case.[18] Because Plaintiffs claims must have been brought within two years from whenever his disability ceased, at the very latest, the statute of limitations expired on March 16, 2024, eight months before he filed this case. For these reasons, the FAC must be dismissed.

---

[14] *State of Alaska vs. Andrew,* Case No. 4BE-21-00859CR, Docket Entry 5/11/22 (Disposition: Case disposed with disposition of Guilty Plea After Arraignment on 05/11/2022).

[15] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[16] Alaska Stat. § 09.10.070.

[17] Docket 6 at 13.

[18] Docket 6 at 9.

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Order of Dismissal
Page 5 of 6
Case 3:24-cv-00257-SLG    Document 9    Filed 09/04/25    Page 5 of 6

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's First Amended Complaint at **Docket 7 is DISMISSED** with

prejudice.

2.      All pending motions are **DENIED as moot**.

3.      The Clerk of Court is directed to enter a final judgment and close this

case.

DATED this 4th day of September, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00257-SLG, *Andrew v. Doe, et al.*
Order of Dismissal
Page 6 of 6
Case 3:24-cv-00257-SLG     Document 9     Filed 09/04/25     Page 6 of 6